# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-611V
**Filed: September 21, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| CHASE BOATMON and MAURINA CUPID* | |
| parents of J.B., deceased,      * | |
|      * | Special Master Gowen |
| Petitioners,      * | |
|      * | Interim Attorneys' Fees and Costs. |
| v.      * | |
|      * | |
| SECRETARY OF HEALTH      * | |
| AND HUMAN SERVICES,      * | |
|      * | |
| Respondent.      * | |
|      * | |
| * * * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioners.
Lara A. Englund, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]**

       On August 27, 2013, Chase Boatmon and Maurina Cupid ("petitioners") filed a petition on behalf of their minor child, J.B., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners alleged that as a result of receiving a Diptheria-Tetanus-acellular-Pertussis ("DTaP"), inactivated polio ("IPV"), haemophilus influenza ("Hib"), pneumococcal conjugate, and rotavirus vaccines on September 2, 2011, J.B. died on September 3, 2011. Amended Petition at Preamble, docket no. 15, filed Feb. 6, 2014. An entitlement hearing

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

was held on August 6 and 7, 2015. The parties currently have pending deadlines to file post-hearing briefs on whether petitioners are entitlement to compensation.

On September 18, 2015, petitioners filed an application for interim costs to obtain a transcript of the entitlement hearing in this matter. See generally Motion for Interim Attorneys' Fees and Costs ("Motion"), docket no. 54, filed Sep. 18, 2015. Petitioners request $1,070.00. Motion at 10. On September 21, 2015, respondent filed a response to petitioners' application, indicating that she has no objection to petitioners' request. Response to Motion at 1, docket no. 55, filed Sep. 21, 2015.

The Vaccine Act permits an award of reasonable interim attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioners' request, the undersigned **GRANTS** the request for approval and payment of interim costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioners and to petitioners' attorney, Ronald C. Homer, of Conway, Homer & Chin-Caplan, in the amount of $1,070.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.