# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-611V
**Filed: May 18, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| CHASE BOATMON and MAURINA CUPID* | |
| parents of J.B., deceased,   * | |
| * | Special Master Gowen |
| Petitioners,   * | |
| * | |
| v.   * | Interim Attorneys' Fees and Costs. |
| * | |
| SECRETARY OF HEALTH   * | |
| AND HUMAN SERVICES,   * | |
| * | |
| Respondent.   * | |
| * | |
| * * * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioners.
Lara A. Englund, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 27, 2013, Chase Boatmon and Maurina Cupid ("petitioners") filed a petition on behalf of their minor child, J.B., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that as a result of receiving a Diphtheria-Tetanus-acellular-Pertussis, inactivated polio, *haemophilus influenza*, pneumococcal conjugate, and rotavirus vaccines on September 2, 2011, J.B. died on September 3, 2011. Petition at Preamble,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

filed Aug. 27, 2013. An entitlement hearing was held on August 6 and 7, 2015.

On April 11, 2016, petitioners filed an application for interim attorneys' fees and costs. Petitioners request a total award of interim attorneys' fees and costs in the amount of $57,764.00. Application for Fees and Costs at 1, filed Apr. 11, 2016.

On April 25, 2016, respondent filed a response to petitioners' application, indicating that "respondent does not object to the overall amount sought, as it is not an unreasonable amount to have incurred for proceeding in this case to date." Response at 1, filed Apr. 25, 2016. Respondent further stated that her "lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The hourly rates requested by petitioners' counsel in this case were the subject of litigation in *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), a case in which I found the requested hourly rates to be reasonable. Additionally, the undersigned has reviewed the billing records and documentation of costs in this matter, and they also appear reasonable.

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Additionally, interim fee awards are permissible under the Act. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *see also Shaw v. Sec'y of HHS*, 609 F.3d 1372 (Fed. Cir. 2010). Based on the reasonableness of petitioners' request, the undersigned **GRANTS** the request for approval and payment of interim attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioners and to petitioners' attorney, Ronald C. Homer, of Conway, Homer & Chin-Caplan, in the amount of $57,764.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.